UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM GRIFFIS and T. ZENON PHARMACEUTICALS, LLC (D/B/A PHARMACY MATTERS),<br><br>Plaintiffs,<br><br>vs.<br><br>HIGHMARK BLUE CROSS BLUE SHIELD Of PENNSYLVANIA,<br><br>Defendant. | Civil Action No. |

## COMPLAINT

Plaintiffs, by their undersigned attorneys, as and for their Complaint, allege:

## PARTIES

1. Plaintiff William Griffis is a resident of the Commonwealth of Pennsylvania, residing at 2145 Cleveland Ave West Lawn, Pa 19609.

2. Plaintiff T. Zenon Pharmaceuticals, LLC ("Pharmacy Matters") is an Iowa limited liability company, with its principal place of business at 230 Scott Court, Suite 238, Iowa City, Iowa 52245. For trade purposes, Pharmacy Matters does business under the name "Pharmacy Matters." At all relevant times, Pharmacy Matters was a licensed pharmacy and, as such, was permitted to ship medicines to patients in states other than Iowa, including but not limited to Pennsylvania.

3. On information and belief, Defendant Highmark Blue Cross Blue Shield of Pennsylvania ("Highmark" or "Defendant") is incorporated and operates as a hospital plan and a professional health service plan in the Commonwealth of Pennsylvania. As a licensee of

the Blue Cross and Blue Shield Association ("BCBS Association"), Highmark underwrites various indemnity and managed care health insurance products for national accounts, regional accounts and individual accounts. Highmark has its principal place of business at 120 Fifth Avenue, Pittsburgh, Pennsylvania 15222.

## JURISDICTION AND VENUE

4. This Court has jurisdiction because this dispute involves a federal question under the Employee Retirement and Security Income Act of 1974 ("ERISA"), 29 U.S.C. § 1132 (e) and (f), and pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## STATEMENT OF FACTS

6. This action arises from Highmark's indefensible refusal to pay claims submitted by or on behalf of Plaintiffs for covered pharmacy services performed pursuant to written insurance contracts. Plaintiff Griffis is a hemophiliac. Hemophilia is a life-threatening disease that requires those afflicted to use very expensive blood-clotting factor treatment ("Factor"). At all relevant times, Mr. Griffis had medical insurance coverage through Highmark pursuant to an insurance plan for which premiums were timely paid. Pharmacy Matters provides Factor and other medicines to patients throughout the United States. Pharmacy Matters has provided specialty pharmacy and health management care coordination services to patients since March 2006.

7. Pursuant to a Contract Pharmacy Agreement, dated July 1, 2008, Pharmacy Matters entered into an agreement with Factor Health Management, LLC ("FHM"),

the owner of FCS Pharmacy LLC (a specialty pharmacy) which was, at all relevant times, located in Boca Raton Florida. Pharmacy Matters acted as a non-exclusive distributor of medicines for which FHM was the distributor. FHM and affiliates of FHM, provided administrative and other services to Pharmacy Matters. At all times, FHM or its affiliates held appropriate licenses to act as a wholesale pharmacy distributor in Iowa.

8. Upon receipt of prescriptions from licensed physicians and confirmation with the appropriate insurance company of the patient's pre-certification for insurance payment purposes, Pharmacy Matters dispenses specialized medications, products, and services, including Factor, directly to patients who are participants or beneficiaries of health plans insured, underwritten and/or administered by Highmark. In connection with the dispensing of medication to patients, FHM and its contract pharmacies, including Pharmacy Matters, receives an assignment from the patient for the purpose of collecting payment. (Such a business is akin to other specialty pharmacies and mail order and online pharmacies such as Medco, Caremark and CVS Online). The assignment signed by the patient permits Pharmacy Matters to recover directly from Highmark for services or products rendered. A copy of the assignment signed by Mr. Griffis is annexed hereto as Exhibit A. On information and belief Highmark accepts hundreds or thousands of such assignments in the ordinary course of its business regarding its insureds.

9. Typically, Pharmacy Matters submits a claim for the applicable charges to the appropriate insurance carrier for payment. In the event the patient's insurance carrier (the "home plan," in the terminology of the BCBS Association, and in this case Highmark) is located in a different geographic area than the provider (Pharmacy Matters), the BCBS Association asks the provider to submit the claim on-line to a local BCBS affiliate (the "host plan") in the

terminology of the BCBS Association. On information and belief, for Mr. Griffis' claims that are the subject of this action, Wellmark, Inc. ("Wellmark")[1] an Iowa BCBS affiliate, "coordinated" payment for Highmark. But, at all relevant times, in the case of Mr. Griffis, the payor on claims submitted by Pharmacy Matters, and which remain unpaid, is Highmark.

10. Covered Services are those health care services or supplies to which an insured is entitled pursuant to a health insurance plan. Pharmacy Matters has provided Covered Services to Highmark's insureds as a non-participating provider, all based on valid written insurance policies and valid and written pre-certifications issued by Highmark. All services provided to Mr. Griffis by Pharmacy Matters were "Covered Services" as that term is defined by Highmark. In addition, in every instance, and to the extent necessary, Mr. Griffis received the necessary and required pre-certification before Covered Services were provided. At all relevant times, Mr. Griffis was entitled to obtain his medicines from the licensed provider of his choice.

11. In each case for which there are outstanding receivables, Defendant gave explicit confirmation of the patient's active status as an insured of Defendant or one of its BCBS Association affiliates and approved in advance the dispensing of the Factor.

12. Despite the rendering by Pharmacy Matters of Covered Services and the timely submission of insurance claims for payment for such services, Highmark has refused, without any basis in law or fact, to pay in excess of $425,000.00 in legitimate claims submitted by Pharmacy Matters during the period October 2008 through December 2008. The claims submitted to Highmark for which payment has not been made regarding Mr. Griffis are:

---

[1] On May 1, 2009, Pharmacy Matters commenced an action in the Iowa state District Court for Johnson County against Wellmark entitled T. Zenon Pharmaceuticals, LLP (d/b/a Pharmacy Matters v. Wellmark, Inc. Case No. LACV - 070675. Wellmark denies that it has any liability for Factor dispensed to Mr. Griffis.

| Invoice Number | Date of Service | Amount Billed | Amount Expected[2] | Amount Outstanding |
|---|---|---|---|---|
| 15719 | 10/24/2008 | $108,908.85 | $83,997.00 | $83,997.00 |
| 16191 | 11/26/2008 | $105,125.99 | $81,081.00 | $81,081.00 |
| 16409 | 12/18/2008 | $107,100.00 | $82,620.00 | $82,620.00 |
| 16608 | 12/31/2008 | $107,100.00 | $82,620.00 | $82,620.00 |
| | | | TOTAL: | $330,318.00 |

By letter dated January 5, 2011, Plaintiffs asked, for the last time, for voluntary payment by Highmark (Exhibit B hereto), but in correspondence dated January 20, 2011, Highmark responded that it refused to make payment on the invoices due to some unspecified and unknown "fraud" (Exhibit C hereto). As a result of being forced to file this lawsuit, Plaintiffs have incurred, and will continue to incur, significant attorneys' fees to force Highmark to do that which the law and insurance contracts at issue require.

**The Highmark Insurance Plan**

13. Highmark issued an insurance policy to Mr. Griffis for medical insurance in 2008 (the "Highmark Plan") which was effective during the relevant time period, October through December 2008. Mr. Griffis was specifically permitted by the Highmark Plan to obtain Covered Services from both "in network" or "Participating" providers and "out-of-network" or "Non-Participating" providers and receive reimbursement from Highmark. Pursuant to the Highmark policy, Pharmacy Matters provided covered health products and services to Mr. Griffis and submitted insurance claims in accordance with BCBS Association policy to Wellmark which, in turn would submit the claims to Highmark in the case of Mr. Griffis. Mr.

---

[2] The "Expected Amount" is the amount that Pharmacy Matters expects to be paid based upon the reimbursement rate set by Highmark as of the date of service to the patient for the particular Covered Service. Reimbursement rates differ depending on whether a pharmacy is a Participating or Non-Participating Provider.

Griffis assigned his right to payment to Pharmacy Matters. Highmark, however, has breached the terms and conditions of the Highmark Plan by failing to timely pay Pharmacy Matters for the properly submitted claims at issue.

14. In total, as of February 1, 2011, there was $330,318.00 in insurance claims properly submitted by Pharmacy Matters pertaining to Mr. Griffis that were unpaid. In clear violation of ERISA, every one of the subject claims has been outstanding for more than 60 days. The oldest invoice was submitted on October 24, 2008.

15. Plaintiffs have exhausted every avenue available to them to obtain payment from Highmark on these claims prior to instituting this suit, and any further attempts at resolving these issues short of litigation would be futile. As is detailed above, Plaintiffs attempted to resolve this dispute with Highmark prior to instituting suit. Plaintiffs have gone through all the proper and informal channels to resolve the non-payment of their claims, but Highmark has refused payment.

16. Under Pennsylvania Law, a licensed insurer is required to pay a covered claim within 45 days of receipt of the claim. If payment is not made within 45 days, the licensed insurer is required to pay interest on the claim at the rate of 10 per cent per annum. 40 P.S. § 991.2166.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (ERISA -- Wrongful Denial of Benefits)

17. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 16 of this Complaint.

18. Mr. Griffis was a participant in the Highmark Plan, and Pharmacy Matters was an assignee of Mr. Griffis for purposes of collection of payment under the Highmark Plan.

19. Plaintiffs have been wrongfully denied benefits under the Plan, in the form of unpaid claims in the aggregate amount of at least $330,318.00, plus interest on all of the claims.

20. Plaintiffs are entitled to bring a civil action to recover benefits due to them under the terms of the Plan, to enforce their rights under the terms of such Plan, and/or to clarify their rights to future benefits under the terms of such Plan, pursuant to 29 U.S.C. § 1132(a)(1)(B).

21. Plaintiffs have exhausted their remedies to obtain their contractual benefits under the Plan.

22. As a direct and proximate result of Defendant's wrongful denial of benefits, Plaintiffs have been damaged. Accordingly, Plaintiffs are entitled to recover the benefits improperly denied by Defendant, plus their attorneys' fees and interest.

23. 29 U.S.C. § 1132(g) (1) authorizes this Court to award reasonable attorneys' fees and costs of actions to the prevailing party in an ERISA action.

24. As a result of Defendant's misconduct, Plaintiffs have necessarily incurred significant attorneys' fees and costs in prosecuting this action and are entitled by law to an award of their attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (ERISA – Declaratory Relief)

25. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 24 of this Complaint.

26. As is set forth above, Plaintiffs have been wrongfully denied benefits under the Plan, in the form of unpaid claims in the aggregate amount of at least $330,318.00, plus interest.

27. Pursuant to 29 U.S.C. § 1132(a) (1) (B), Plaintiffs seek a declaration of rights under the Plan, against Defendant, to establish their rights to past and future benefits, to enforce their ERISA rights, and to collect their attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### (ERISA – Injunctive Relief)

28. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 27 of this Complaint.

29. As is set forth above, as a result of Defendant's wrongful denial of benefits to Plaintiffs under the Highmark Plan, Defendant has violated its obligations under ERISA.

30. Pursuant to 29 U.S.C. § 1132(a) (3), Plaintiffs seek an injunction against Defendant enjoining it from either (i) denying, or (ii) placing a "hold" on any particular claim unless (a) the claim is deficient as a matter of law, or (b) Defendant has actual evidence of fraud associated with that claim.

### FOURTH CLAIM FOR RELIEF
### (Violation of Pennsylvania Statutes 40 P.S. §§ 991.2101 et seq.)

31. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 30 of this Complaint.

32. Defendant's failure and refusal to pay Plaintiffs' claims in a proper and timely manner is in violation of Section 991.2166 of the Pennsylvania Quality Health Care Accountability and Protection Act, which provides:

> (a) A licensed insurer or managed care plan shall pay a clean claim submitted by a health care provider within forty-five (45) days of receipt of the clean claim.
>
> (b) If a licensed provider or a managed care plan fails to remit the payment as provided under subsection (a), interest at ten per centum (10%) per annum shall be added to the amount owed

on the clean claim. Interest shall be calculated beginning the day after the required payment date and ending on the date the claim is paid. The licensed insurer or managed care plan shall not be required to pay any interest calculated to be less than two ($2) dollars.

33. Since October 2008, Plaintiffs have submitted more than $330,000.00 in claims to Highmark pertaining to Mr. Griffis. Each of these claims are or have been more than 45 days past due and therefore Highmark has violated Section 991.2166 of the Pennsylvania Quality Health Care Accountability and Protection Act.

34. By reason of the foregoing, Plaintiffs have been damaged, will continue to be damaged and are entitled to interest in an amount to be determined at trial.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Highmark as follows:

A. On the First Claim for Relief, actual damages in an amount to be determined at trial, but in no event less than $330,318.00, plus interest as allowed by law;

B. On the Second Claim for Relief, a declaration that (1) Plaintiffs are entitled to be paid for the unpaid claims that are the subject of this action; and (2) Plaintiffs are entitled to their reasonable attorneys' fees and costs incurred in this action;

C. On the Third Claim for Relief, an order enjoining Defendant from either (i) denying, or (ii) placing a "hold" on any particular claim unless (a) the claim is deficient as a matter of law or (b) Defendant has actual evidence of fraud associated with that claim;

D. On the Fourth Claim for Relief, interest in an amount to be determined at trial;

E. Awarding Plaintiffs the costs of this proceeding, including, but not limited to, reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1); and

    F.    Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Dated: Pittsburgh, Pennsylvania
February 25, 2011

/s/*Dara A. DeCourcy*
Dara A. DeCourcy
ZIMMER KUNZ PLLC
132 South Main Street; Suite 400
Greensburg, PA 15601
Phone: (724) 836-5400
Fax: (724) 836-5149
decourcy@zklaw.com

Counsel seeking to appear *pro hac vice*
PADUANO & WEINTRAUB LLP
Anthony Paduano
Lori Vinciguerra
Paduano & Weintraub LLP
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100 (telephone)
(212) 785-9099 (facsimile)
ap@pwlawyers.com
lv@pwlawyers.com

Attorneys for Plaintiffs