IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM GRIFFIS and T. ZENON PHARMACEUTICALS, LLC d/b/a PHARMACY MATTERS,  Plaintiffs,  v.  HIGHMARK BLUE CROSS BLUE SHIELD OF PENNSYLVANIA,  Defendant. | Civil Action No.: 11-0263  Judge Joy Flowers Conti |

**MOTION TO DISMISS COMPLAINT**

AND NOW, comes Defendant Highmark Blue Cross Blue Shield ("Highmark"), by its attorneys, Gerri L. Sperling, Kenneth S. Kornacki and Metz Lewis Brodman Must O'Keefe LLC, and hereby moves to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and in support hereof, sets forth the following:

**I. Pertinent Allegations Set Forth in Plaintiffs' Complaint**

1. On or about March 7, 2011, Highmark was served with Plaintiffs' Complaint in the above-captioned matter. The parties entered into a Stipulation extending Highmark's time to file its responsive pleading to Plaintiffs' Complaint until April 18, 2011.

2. In their Complaint, Plaintiffs allege, *inter alia*, that Plaintiff T. Zenon Pharmaceuticals, LLC is a pharmacy licensed and doing business in Iowa under the name of "Pharmacy Matters." (Compl. ¶ 2.) Plaintiff William Griffis ("Griffis") is a Pennsylvania resident who had health coverage through Defendant Highmark. (Compl. ¶ 3, 6.) Griffis is a hemophiliac who requires an expensive blood-clotting treatment ("Factor"). (Compl. ¶ 6.)

3. Plaintiffs further allege that Highmark is incorporated as and operates as a hospital plan and professional health service plan in the Commonwealth of Pennsylvania. (Compl. ¶ 3.)

Highmark is a licensee of the Blue Cross and Blue Shield Association ("BCBSA") and underwrites various indemnity and managed care health insurance products for national, regional and individual accounts. *Id.* According to Plaintiffs, Griffis had medical insurance through Highmark pursuant to an insurance plan for which premiums were timely paid. (Compl. ¶ 6.)[1] Plaintiffs further allege that Highmark issued an insurance policy to Griffis for medical insurance which was in effect from October through December, 2008. (Compl. ¶ 13.)

      4. According to Plaintiffs, Pharmacy Matters dispenses Factor through an agreement with Factor Health Management, LLC ("FHM"), which provided administrative and other services to Pharmacy Matters. (Compl. ¶ 7.) FHM is the owner of FCS Pharmacy LLC ("FCS"), which is a specialty pharmacy located in Boca Raton, Florida. Pharmacy Matters dispenses Factor directly to patients who are participants or beneficiaries of health plans insured or administered by Highmark. (Compl. ¶ 8.)

      5. FHM receives an assignment from the patient for the purpose of collecting payment. *Id.* A copy of the assignment signed by Griffis was attached to the Complaint as Exhibit A. *Id.* Pursuant to that assignment, Griffis specifically assigned and transferred "to FHM and FCS all rights, title and interest to reimbursement payable to me for services provided by FHM, FCS and its associated contract providers." (Compl. Ex. A.) Although Plaintiffs allege the existence of an assignment by Griffis to Pharmacy Matters (see, e.g., Compl. ¶¶ 8, 13), the only assignment that they attach to the Complaint shows an assignment to FHM and FCS and makes no mention of Pharmacy Matters.

---

[1] In considering a motion to dismiss, this Court must accept all well-pleaded facts in a complaint as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d. Cir. 2009) (citation omitted). Highmark's recitation of allegations in Plaintiffs' Complaint does not constitute an admission of those allegations. In fact, Plaintiff Griffis did not have medical insurance through Highmark. Rather, as is set forth in the Affidavit of Robert A. Burtner, Highmark's Director, Operations Delivery, Enrollment/Billing, which is attached hereto as Exhibit 1, Highmark merely administered the self-insured employee benefit plan provided by Griffis' wife's employer, Penske Truck Leasing Co., L.P. ("Penske"), pursuant to which Griffis was entitled to certain health coverage. A true and correct copy of the Administrative Services Agreement between Penske and Highmark ("ASO") is attached to Exhibit 1.

6. Pharmacy Matters is not a participating provider with Highmark. (Compl. ¶ 10.) Because Highmark (the "home plan," in BCBSA terminology) is located in a different geographic area than Pharmacy Matters, BCBSA asks the provider to submit the claim to the local Blue Cross Blue Shield affiliate (the "host plan"). (Compl. ¶ 9.) For Griffis' claims that are the subject of this action, Wellmark, the Iowa Blue Cross Blue Shield affiliate, coordinated payment for Highmark. *Id.* Plaintiffs allege that Pharmacy Matters provided covered health products and services to Griffis and submitted claims to Wellmark, which in turn submitted the claims to Highmark. (Compl. ¶ 13.)

7. On May 1, 2009, Pharmacy Matters commenced an action against Wellmark in Iowa State District Court for Johnson County, captioned as *T. Zenon Pharmaceuticals, LLP (d/b/a Pharmacy Matters) v. Wellmark Inc.,* Case No. LACV - 070675. Wellmark denies that it has any liability for Factor dispensed to Griffis. (Compl., fn. 1.)

8. Plaintiffs allege that all services that Pharmacy Matters has provided to Griffis were covered services as defined by Highmark, and to the extent necessary, Griffis received required pre-certification before services were provided. (Compl., ¶ 10.) [2] However, according to Plaintiffs, despite Pharmacy Matters' rendering of covered services to Griffis and the timely submission of claims for payment for such services, as of February 1, 2011, an aggregate of $330,318.00 of outstanding claims submitted by Pharmacy Matters pertaining to Griffis were unpaid. (Compl. ¶ 14.) By letter dated January 5, 2011, a copy of which is attached to the Complaint as Exhibit B, Plaintiffs asked Highmark for voluntary payment of that amount. (Compl. ¶ 12.) By letter dated January 20, 2011, a copy of which is attached to the Complaint as

---

[2] Although throughout their Complaint, Plaintiffs refer to Griffis' coverage with Highmark under a "plan," they fail to attach any documents evidencing the terms of the plan pursuant to which Griffis was entitled to coverage. A true and correct copy of the benefit booklet describing the terms of conditions of Griffis' health coverage during the period October through December, 2008 is attached hereto as Exhibit 2.

Exhibit C, Highmark responded that it refused to make payment due to some unspecified fraud. *Id.*

9. Plaintiffs allege that they have exhausted their administrative remedies under the Plan, and also allege that any further attempts to resolve the issues short of litigation would be futile. (Compl. ¶¶ 15, 21.)

10. In their Complaint, Plaintiffs purport to set forth claims for relief: (i) for alleged wrongful denial of benefits under the Employee Retirement Income Security Act, as amended ("ERISA"), seeking to recover benefits allegedly wrongfully denied by Defendant, plus attorneys' fees and interest (Compl. ¶¶ 17-24); (ii) for a declaration of Plaintiffs' rights under the Plan, "to establish their rights to past and future benefits, to enforce their ERISA rights and to collect their attorneys' fees and costs" (Compl. ¶ 27); (iii) for injunctive relief (Compl. ¶¶ 28-30); and (iv) for an alleged violation of 40 P.S. §§ 991.2101, *et seq,*, and specifically, the requirement in § 991.2166 that clean claims are to be paid within forty-five (45) days of receipt.

11. As set forth below and discussed in greater detail in the Brief in Support of Motion to Dismiss that Highmark submits herewith, Plaintiffs' Complaint fails to state a claim upon which relief can be provided and should be dismissed, in its entirety, with prejudice.

## II. Plaintiffs Lack Standing to Assert Claims for Wrongful Denial of ERISA Benefits and For Declaratory and Injunctive Relief.

12. Plaintiff Griffis lacks standing to state a claim upon which relief can be provided under ERISA because he has failed to allege an injury-in-fact.  He has not alleged that he was denied any benefits or rights under the Plan or that he has suffered any cognizable harm under ERISA.  In fact, he alleges that he has received Factor from Pharmacy Matters, and has not

alleged that he paid Pharmacy Matters for the unpaid claims or has any responsibility to do so. Finally, he lacks standing because he has assigned his right to payment to FHM and FCS, entities which are not parties to this action. Accordingly, Griffis' claim for wrongful denial of benefits should be dismissed, with prejudice, due to his lack of standing to assert claims for wrongful denial of benefits as well as for declaratory and equitable relief.

13. Pharmacy Matters lacks standing to assert a claim for wrongful denial of ERISA benefits or for declaratory or injunctive relief because it lacks an assignment from Griffis. Moreover, Highmark's administrative services agreement with Penske pursuant to which Griffis was entitled to benefits specifically precludes assignment. *See,* Exhibit 2, Section 13.1 ("Benefits are not assignable by any Member.") However, even if Griffis had assigned his rights to ERISA benefits to Pharmacy Matters, it would still lack standing because Pharmacy Matters is not a participant or beneficiary as defined in ERISA. Under ERISA's enforcement provision, 29 U.S.C. § 1132(a)(1)(B), only participants and beneficiaries have standing to bring an action to recover benefits from an ERISA plan, and there is no basis to extend standing to alleged assignees of ERISA participants or beneficiaries.

14. Accordingly, Plaintiffs' First, Second and Third Claims for Relief should be dismissed due to Plaintiffs' lack of standing.

### III.  Plaintiffs' ERISA Claims Should be Dismissed Due to Plaintiffs' Failure to Exhaust Administrative Remedies.

15. Although Plaintiffs make conclusory allegations of exhaustion of administrative remedies, they do not allege that they filed an administrative appeal of the claims denials. The Plan, as set forth in the Benefit Booklet attached hereto as Exhibit 2, provides for an

administrative appeal mechanism which must be exhausted prior to bringing suit. Under the pertinent Plan provisions, an appeal of a claims denial must be submitted to Highmark no later than 180 days from the date that the adverse benefit decision was received. As Plaintiffs allege, these claims were for dates of service from October through December, 2008. Since Plaintiffs failed to appeal these claims denials in a timely manner following the administrative process set forth in the benefit booklet, Plaintiffs' First, Second and Third Claims for Relief should be dismissed, with prejudice.

### IV. Plaintiffs Fail to State Claims for Which Relief Can Be Granted For Declaratory or Injunctive Relief.

16. Plaintiffs cannot assert claims for declaratory or injunctive relief for an alleged wrongful denial of benefits because they have not alleged any likelihood of future harm. In fact, as is set forth in the Affidavit of Robert A, Burtner, Highmark's Director, Operations Delivery, Enrollment/Billing, attached hereto as Exhibit 1, Penske, the employer who sponsored the plan under which Griffis was entitled to coverage, terminated its ASO agreement with Highmark effective December 31, 2008, and Griffis has not been covered by any Penske group health plan administered or insured by Highmark since that date. (Exhibit 1, ¶¶ 3 and 4.)

17. Moreover, ERISA provides Plaintiffs with an adequate remedy at law under 29 U.S.C. § 1132(a)(1)(B), and they have availed themselves of that remedy at law. Accordingly, Plaintiffs' Second and Third Claims for Relief should be dismissed, with prejudice.

## V. Plaintiffs Fail to State a Claim for Which Relief Can Be Granted under the Pennsylvania Health Care Accountability and Protection Act.

18.  Plaintiffs' Fourth Claim for Relief alleges that Defendant has violated Section 991.2166 of the Pennsylvania Quality Health Care Accountability and Protection Act by allegedly failing to pay claims within forty-five (45) days of submission to Highmark.  Plaintiffs seek money damages and interest in their Fourth Claim for Relief.  However, the foresaid provision does not give rise to a private cause of action.  Accordingly, Plaintiffs' Fourth Claim for Relief should be dismissed, with prejudice.

## VI.  Defendants' Request for Relief.

WHEREFORE, based upon the foregoing, as well as on Defendant Highmark's Brief in Support of Motion to Dismiss submitted concurrently herewith, Defendant Highmark respectfully requests this Honorable Court to dismiss Plaintiffs' Complaint in its entirety, with prejudice.

    Respectfully submitted,

    METZ LEWIS BRODMAN MUST
    O'KEEFE LLC

    By: /s/ Gerri L. Sperling
        Gerri L. Sperling, Esquire
        Pa. I.D. No.:  34603
        Kenneth S. Kornacki, Esquire
        Pa. I.D. No. 83739
        11 Stanwix Street, 18th Floor
        Pittsburgh, PA 15222
        (412) 918-1100
        Attorneys for Defendant