IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WILLIAM GRIFFIS and T. ZENON
PHARMACEUTICALS, LLC, d/b/a
PHARMACY MATTERS,

    Plaintiffs,

  vs.

HIGHMARK BLUE CROSS BLUE SHIELD
OF PENNSYLVANIA,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Civil Action No. 11-0263
Judge Joy Flowers Conti

**RESPONSE TO DEFENDANT**
**HIGHMARK BLUE CROSS BLUE SHIELD'S**
**MOTION TO DISMISS THE COMPLAINT**

    In opposition to the motion of defendant Highmark Blue Cross Blue Shield of Pennsylvania ("Highmark") to dismiss the Complaint, plaintiffs William Griffis ("Griffis") and T. Zenon Pharmaceuticals, LLC, d/b/a Pharmacy Matters ("Pharmacy Matters") (collectively, "Plaintiffs"), by their attorneys, hereby respond as follows:

**I.  Allegations Set Forth In the Complaint**

    1.  Plaintiffs do not dispute the allegations set forth in paragraph 1 of Highmark's Motion.

    2.  To the extent that paragraph 2 of Highmark's Motion purports to reiterate the allegations set forth in the Complaint, no response is necessary.

    3.  To the extent that paragraph 3 of Highmark's Motion purports to reiterate the allegations set forth in the Complaint, no response is necessary. With respect to Highmark's allegation in footnote 1 of the Motion -- paragraph two of the

Affidavit of Robert A. Burtner -- that Highmark merely "provided claims administration services" to the Plan pursuant to which Mr. Griffis was insured, changes nothing because ERISA § 1132 (a) (1) (B) confers a right to sue the plan administrator for recovery of benefits.

4. To the extent that paragraph 4 of Highmark's Motion purports to reiterate the allegations set forth in the Complaint, no response is necessary.

5. To the extent that the first and second sentences of paragraph 5 of Highmark's Motion purport to reiterate the allegations set forth in the Complaint, no response is necessary. With respect to the third sentence of the Motion, and as is alleged in the Complaint, Mr. Griffis assigned the rights to collect all payments regarding the claims at issue herein to Pharmacy Matters (Complaint ¶ 8 & Exhibit A). Pharmacy Matters entered into an agreement with Factor Health Management, LLC ("FHM") to act as the non-exclusive distributor of medicines for which FHM was the distributor (Complaint ¶ 7). The Assignment specifically states that FHM and its "associated contract providers" (here, Pharmacy Matters) are covered by the Assignment (see Complaint at Exhibit A). Accordingly, Pharmacy Matters is an assignee of Mr. Griffis for purposes of seeking payment from, and pursing collection efforts against, Highmark.

6. To the extent that paragraph 6 of Highmark's Motion purports to reiterate the allegations set forth in the Complaint, no response is necessary.

7. To the extent that paragraph 7 of Highmark's Motion purports to reiterate the allegations set forth in the Complaint, no response is necessary.

8. To the extent that paragraph 8 of Highmark's Motion purports to reiterate the allegations set forth in the Complaint, no response is necessary. With

respect to the allegations contained in footnote 2 to paragraph 8, Plaintiffs state that at the time of filing the Complaint, the "Highmark Plan", referred to in paragraph 13 of the Complaint, was not available to Plaintiffs and Plaintiffs are entitled to discovery concerning the applicable Plan document and whether the document attached to Highmark's Motion is the actual plan that was in effect for Mr. Griffis.  Notably, however, Highmark does not deny the relevant allegations concerning the Highmark Plan, nor do they dispute that Mr. Griffis was covered by the Highmark Plan during the period at issue.

        9.    To the extent that paragraph 9 of Highmark's Motion purports to reiterate the allegations set forth in the Complaint, no response is necessary.

        10.    To the extent that paragraph 10 of Highmark's Motion purports to reiterate the allegations set forth in the Complaint, no response is necessary.

        11.    Plaintiffs deny the allegations in paragraph 11 of Highmark's Motion.  As set forth below and discussed in greater detail in Plaintiffs' Memorandum of Law in Opposition to Highmark's Motion to Dismiss the Complaint, Highmark's motion should be denied in its entirety.

**II.    Plaintiffs Have Standing to Assert ERISA Claims For Wrongful Denial of ERISA Benefits and for Declaratory and Injunctive Relief**

        12.    Plaintiffs deny the allegations set forth in paragraph 12 of Highmark's Motion.  Mr. Griffis has alleged injury-in-fact as well as the threat of economic loss.  The Complaint alleges that Mr. Griffis was entitled to obtain his medicines, "received the necessary and required pre-certification before Covered Services were provided," that Plaintiffs were "wrongfully denied benefits under the Plan, in the form of unpaid claims in the aggregate amount of at least $330,318.00" and that

"Plaintiffs have incurred, and will continue to incur, significant attorneys' fees" as a result of having to file the instant lawsuit.  See Complaint ¶¶ 10, 12, 19, 26 and 29. Furthermore, the Assignment specifically provides

> I understand that I am responsible for and will pay in full the portion of my bill not covered by insurance companies, government agencies or third party payors, . . . In consideration of services to be provided, I agree to pay FHM and FCS in accordance with the regular rates and terms of each applicable provider.  Should the account be referred to an attorney or collection agency for collection, I agree to pay reasonable attorney's fees and collection expenses (Complaint, Exhibit A at 1).

Thus, if Highmark is not required to reimburse Pharmacy Matters for the legitimate claims submitted relating to the life-saving medicine provided to Mr. Griffis, he will be otherwise liable to Pharmacy Matters for such claims in the amount of $330,318.00. Moreover, Highmark's failure to pay these claims will seriously jeopardize the ability of Mr. Griffis to obtain health care services and products from pharmacies of his choice, which, given the specialized nature of hemophilia, is a serious, tangible harm.  Thus, Mr. Griffis has standing to assert these claims.

13. Plaintiffs deny the allegations set forth in paragraph 13 of Highmark's Motion.  As an "associated contract provider" of FHM, Pharmacy Matters is covered by the Assignment (see Complaint at Exhibit A).  As an assignee of the insured, Pharmacy Matters has standing to bring this action for the recovery of benefits under ERISA.  In addition, there is no Third Circuit authority holding that anti-assignment provisions are enforceable in the health care context

14. Based upon the foregoing, Plaintiffs deny the allegations set forth in paragraph 14 of Highmark's motion.

907470
1320.0105

### III. It Would be Futile For Plaintiffs To Exhaust ERISA Plan Remedies

15. Plaintiffs deny the allegations set forth in paragraph 15 of Highmark's Motion. Plaintiffs could not exhaust their administrative remedies because they never received a denial of their claims until the denial was set forth in a letter from Highmark's counsel, dated January 20, 2011 and annexed to the Complaint as Exhibit C. Based upon the blanket denial of claims set forth in the letter, Plaintiffs are excused from exhausting administrative remedies under ERISA because it would be futile to do so.

### IV. Plaintiffs Are Entitled To Declaratory and Injunctive Relief

16. Plaintiffs deny the allegations set forth in paragraph 16 of Highmark's Motion. Plaintiffs have sufficiently alleged injury as well as alleged the threat of future harm. Indeed, if these claims remain unpaid, Mr. Griffis may be foreclosed from seeking life saving medication because pharmacies may choose not to do business with him. This is a real and substantial harm which will continue into the future since Mr. Griffis' illness will require treatment for the rest of his life.

17. Plaintiffs deny the allegations set forth in paragraph 17 of Highmark's Motion. Plaintiffs are not precluded from asserting claims under both sections 1132(a)(1)(B) and 1132(a)(3).

### V. Plaintiffs' Act 68 Claims Are Not Pre-empted

18. Plaintiffs deny the allegations set forth in paragraph 18 of Highmark's Motion. Plaintiffs have set forth a claim against Highmark for violation of Pennsylvania Statute § 991.2166 ("Act 68") because a private right of action for violation of the statute exists.

## **Conclusion**

For the foregoing reasons, Plaintiffs request that this Court deny in its entirety Highmark's motion to dismiss the Complaint. Plaintiffs request oral argument regarding this motion.

Dated: Greensburg, Pennsylvania
       May 9, 2011

/s/  Dara A. DeCourcy
Dara A. DeCourcy
ZIMMER KUNZ PLLC
132 South Main Street, Suite 400
Greensburg, Pennsylvania 15601
            AND
Anthony Paduano (seeking admission *pro hac vice*)
Lori Vinciguerra (seeking admission *pro hac vice*)
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020

Attorneys for Plaintiffs