IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM GRIFFIS and T. ZENON PHARMACEUTICALS, LLC (D/B/A PHARMACY MATTERS), | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 11-0263<br>Hon. Joy Flowers Conti |
| vs. | ) ) | |
| HIGHMARK BLUE CROSS BLUE SHIELD Of PENNSYLVANIA, | ) ) ) | |
| Defendant. | ) | |

### AFFIDAVIT OF LORI VINCIGUERRA

STATE OF NEW YORK   )
                                    )   ss.:
COUNTY OF NEW YORK )

Lori Vinciguerra, under penalty of perjury, deposes and says:

1.  I am a member of the firm of Paduano & Weintraub, LLP, counsel to Plaintiffs and admitted to practice law before the courts of the State of New York. I submit this Affidavit on personal knowledge in opposition to the motion of defendant Highmark, Inc. ("Highmark" or "Defendant") to stay this action. My application to appear in this case pro hac vice will be filed shortly.

## Procedural History

2.  Pursuant to an insurance policy issued by Highmark for medical insurance, Covered Services were provided to Highmark's insureds (including Plaintiff Griffis) and insurance claims of more than $425,000 were submitted to Highmark pursuant to Highmark's policies and directions. By letter dated November 5, 2010, Pharmacy Matters sent a demand to Plaintiff Griffis for payment of the outstanding claims, and a threat of litigation for payment of these claims pursuant to the assignments it holds. A copy of that letter is annexed as <u>Exhibit A</u>.

3.  This ERISA action was commenced on February 25, 2011 (Doc. No. 1). On March 24, 2011, Plaintiffs signed a stipulation, at the request of Highmark, extending Highmark's time to respond to the Complaint until April 18, 2011 (Doc. No. 7). On April 1, 2011, I participated in a Rule 26(f) conference with Gerri Sperling, Esq., counsel for Highmark. During that call, we discussed issues required to be addressed in the Rule 26(f) Report. Ms. Sperling did not indicate at any time during that communication that Highmark would seek a stay of this action. During that conversation, I agreed with Ms. Sperling that the parties would exchange their Rule 26(a)(1) disclosures by April 29, 2011.

4.  On April 18, 2011, Highmark filed its Motion to Dismiss (Doc. No. 8-9). Thereafter, on April 29, 2011, Plaintiffs served their 26(a)(1) disclosures and produced approximately 75 pages of documents to Highmark. Highmark did not serve its Rule 26(a)(1) disclosures. Plaintiffs served their Opposition to the Motion to Dismiss on May 9, 2011 (Doc. No. 11-12).

5. Despite the fact that Plaintiffs had never received a "denial" of the claims at issue, by letter dated May 20, 2011, Plaintiffs, upon receipt of Defendant's motion, offered to proceed to a "review" of the claims and seek a stay of the litigation pending this review. A copy of the May 20, 2011 letter is annexed hereto as <u>Exhibit B</u>. Highmark rejected Plaintiffs' offer on June 17, 2011 via a letter annexed hereto as <u>Exhibit C</u>.

6. On May 25, 2011, the Court issued a Case Management Order (Doc. No. 13-14), which required that Rule 26(a)(1) disclosures be filed on June 15, 2011 and initially set a Rule 16 conference for July 11, 2011 (the conference was subsequently rescheduled by the Court to July 20, 2011 and then July 26, 2011). Highmark did not meet this Court-imposed deadline for submission of its Rule 26(a)(1) disclosures for reasons unknown to us.

7. Almost one month after Plaintiffs served their Opposition to Highmark's Motion to Dismiss, Highmark moved for leave to serve a Reply on June 7, 2011 (Doc. No. 15). Plaintiffs served their Opposition to Highmark's Motion on June 13, 2011 (Doc. No. 16-17). On June 15, 2011, the Court granted Highmark's motion for leave.

8. In a June 29, 2011 e-mail communication between Ms. Sperling and me during which we were finalizing the Rule 26(f) Report, Ms. Sperling stated that she had missed the 26(a)(1) disclosure deadline in the Court's May 25 Order and requested that the 26(f) report reflect that Highmark would make its 26(a)(1) disclosures by July 7, 2011. Ultimately, the parties agreed that Highmark would

3

make its disclosures by July 15, 2011. This is reflected in the joint 26(f) Report filed with the Court on June 29, 2011 (Doc. No. 21).

9. On July 15, 2011, I received an e-mail from Ms. Sperling stating "I wanted to let you know that we will be a few days late in getting Highmark's disclosures to you. (I believe that they were due today.) We will have them to you early next week, in advance of the Conference scheduled for July 20. I apologize for any inconvenience". The July 18, 2011 e-mail is annexed hereto as <u>Exhibit D</u>.

10. On July 18, 2011, the next business day, and two days before the scheduled Rule 16 conference, Highmark filed and served the instant motion to stay (Doc. No. 23-26).

11. I respectfully submit that Highmark has waived any right it ever had to assert any argument in support of a stay based upon its participation in this lawsuit to the detriment of Plaintiffs. Highmark has caused Plaintiffs to expend considerable time and money in this case to date. The grant of the motion to stay should be denied because it will severely prejudice Plaintiffs. Highmark's continued failure to pay the subject claims will seriously jeopardize the ability of Plaintiff Griffis to obtain health care services and products from the pharmacies of his choice for his minor children, which, given the specialized nature of hemophilia, is a

serious, tangible harm.

_____
Lori Vinciguerra

SWORN TO BEFORE ME THIS
22ND DAY OF JULY, 2011
_____
Notary Public
My commission expires 9/4/13

GIDEON E. MARK
Notary Public - State of New York
No. 02MA6063514
Qualified in New York County
My Commission Expires September 4, 2013

5

# EXHIBIT A

PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-9099

May 20, 2011

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Gerri L. Sperling, Esq.
Metz Lewis Brodman Must O'Keefe LLC
11 Stanwix Street, 18th Floor
Pittsburgh, Pennsylvania 15222

Re: Griffis, et al. v. Highmark Blue Cross Blue Shield of Pennsylvania (W.D. Pa. No. 11-0263)

Dear Ms. Sperling:

As our Complaint makes clear, Plaintiffs are entitled to relief under ERISA for medical benefits claims that remain unpaid by Highmark Blue Cross Blue Shield ("Highmark") after more than two years. As the Complaint pleads, our clients have never received a "denial" of these claims, which in and of itself are violations of the plan documents (and ERISA).

In Highmark's Motion to Dismiss the Complaint, you raise the issue of exhaustion of administrative remedies. But our clients could not proceed to an administrative review because no denial was ever received. Although Plaintiffs' position regarding exhaustion is an obvious one, in an effort to expedite this matter, we would be willing to proceed to an administrative review with Highmark if such review would be conducted on an expedited basis. We would ask the Court to stay the litigation pending such administrative review process.

Please let me know by May 25 if this proposal is of interest to Highmark.

Yours sincerely,

Anthony Paduano

# EXHIBIT B

**METZ LEWIS BRODMAN MUST O'KEEFE LLC**

11 Stanwix Street 18th Floor Pittsburgh, Pennsylvania 15222
T: 412.918.1100 F: 412.918.1199 www.metzlewis.com

June 17, 2011





ATTORNEYS AT LAW
GERRI L. SPERLING

*VIA EMAIL AND REGULAR MAIL*

Anthony Paduano, Esquire
Paduano & Weintraub LLP
1251 Avenue of the Americas
Ninth Floor
New York, NY 10020

RE: *William Griffis and T. Zenon Pharmaceuticals, LLC d/b/a Pharmacy Matters v. Highmark Blue Cross Blue Shield of Pennsylvania*
**United States District Court for the Western District of Pennsylvania**
**No.: 11-0263**

Dear Mr. Paduano:

This letter is in response to your letter of May 20, 2011 in which you state that you would be willing to proceed to an administrative review with Highmark of the claims that form the basis of the above-named action. You also suggest that we would ask the Court to stay the litigation pending such administrative review process. As you may know, Mr. Griffis' health coverage was pursuant to a self-insured employee benefit plan with his employer, Penske Truck Leasing Co., L.P. Highmark merely provided administrative services to Penske with regard to its self-insured employee benefit plan. Highmark does not have the authority to permit an administrative review of claim adjudications outside of the timeframe set out in the pertinent plan documents.

Very truly yours,

Gerri L. Sperling

GLS:al

Direct Dial: 412.918.1165     e-mail: gsperling@metzlewis.com

# EXHIBIT C

# Lori Vinciguerra

| | |
|---|---|
| **From:** | Sperling, Gerri [GSperling@metzlewis.com] |
| **Sent:** | Friday, July 15, 2011 12:07 PM |
| **To:** | Lori Vinciguerra |
| **Subject:** | Griffis and Pharmacy Matters v. Highmark |

Dear Lori:

     I wanted to let you know that we will be a few days late in getting Highmark's disclosures to you.  (I believe that they were due today.)  We will have them to you early next week, in advance of the Conference scheduled for July 20.  I apologize for any inconvenience.


Gerri L. Sperling

Metz Lewis Brodman Must O'Keefe LLC
11 Stanwix Street, 18th Floor
Pittsburgh, PA 15222
(412) 918-1165


IRS CIRCULAR 230 DISCLAIMER: This communication (including attachments) may contain federal tax advice. Applicable IRS regulations require us to advise you that any discussion of federal tax issues in this communication is not intended or written to be used, and cannot be used by any person, for the purpose of (1) avoiding any penalty that may be imposed under federal tax law, or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein. Only formal, written tax opinions meeting these IRS requirements may be relied upon for the purpose of avoiding tax-related penalties. Please contact one of the Firm's tax partners if you have any questions regarding federal tax advice. CONFIDENTIALITY NOTICE The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please notify the sender by return email and delete this email from your system. Thank you.

# EXHIBIT D



**230 Scott Court Suite 238 · Iowa City, IA 52245**
**Ph. (319) 337-2492 Fax (319) 337-2493**
**info@pharmacy-matters.com**

November 5, 2010

William Griffis
160 Victoria Lane
Wyomissing PA 19610

Dear Mr. Griffis:

Enclosed please find both the summary account statement and individual invoices for pharmacy products and services received by you. Please note that we are continuing to attempt to collect these amounts from your health insurance provider, Independence Blue Cross and Blue Shield, but advise you that in the event of their continued refusal to pay, you are responsible for the amounts reflected in the enclosed documents.

Please contact me, at 319-337-2492 (mike@pharmacy-matters.com) or Jarrett Bostwick, at 561-314-1700 (jbostwick@factorhealth.com) regarding your response to the foregoing.

Sincerely,


Michael Stein
President

Pharmacy Matters, Inc. ( a FHM Dispensing Pharmacy  
230 Scott Court  
Iowa City, IA 52245  
319-337-2492  
Provider #  
Tax ID #   20-2083278

Invoice # 15719  
Page 1

# INVOICE

Date 11/02/2010

To Griffis, William  
160 Victoria Lane  
Wyomissing, PA 19610

Re Griffis, William  
160 Victoria Lane  
Wyomissing, PA 19610  
610-927-3255

Insured Griffis, William  
160 Victoria Lane  
Wyomissing, PA 19610  
610-927-3255

**Policy #**  
**Group #**

**Description**   For Home Infusion Therapy Services

**Service Dates**  From 10/24/2008    To 10/24/2008    **Days**  1

| Qty | Delivered | Description | Unit Price | Total Price |
|---|---|---|---|---|
| 62220 | 10/24/2008 | Kogenate FS Bioset  2074 IU | $1.75 | $108,885.00 |
| 15 | 10/24/2008 | Butterfly 25G X 3/4" BD | $1.59 | $23.85 |

| | |
|---|---|
| **Original Amount** | $108,908.85 |
| **Ins Allowable** | $83,997.00 |
| **Amount Paid** | $0.00 |
| **Amount Adjusted** | $0.00 |
| **Balance Due** | $83,997.00 |

**Terms**  Due net 30 days.

**Make Check Payable to**  Pharmacy Matters, Inc. ( a F  
230 Scott Court  
Iowa City, IA 52245  
**Phone**  319-337-2492

**Your prompt payment is appreciated.**

Pharmacy Matters, Inc. ( a FHM Dispensing Pharmacy  
230 Scott Court  
Iowa City, IA 52245  
319-337-2492  
Provider #  
Tax ID #   20-2083278  

Invoice # 16191  
Page 1  

# INVOICE

Date 11/02/2010

To Griffis, William  
160 Victoria Lane  
Wyomissing, PA 19610  

Re Griffis, William  
160 Victoria Lane  
Wyomissing, PA 19610  
610-927-3255  

Insured Griffis, William  
160 Victoria Lane  
Wyomissing, PA 19610  
610-927-3255  

Policy #  
Group #  

**Description**    For Home Infusion Therapy Services  

**Service Dates** From 11/26/2008    To 11/26/2008    **Days** 1  

| Qty | Delivered | Description | Unit Price | Total Price |
|---|---|---|---|---|
| 60060 | 11/26/2008 | Kogenate FS Bioset GG  2002 IU | $1.75 | $105,105.00 |
| 1 | 11/26/2008 | Aquawrap Large 3" X 72" | $20.99 | $20.99 |

| | |
|---|---|
| Original Amount | $105,125.99 |
| Ins Allowable | $81,081.00 |
| Amount Paid | $0.00 |
| Amount Adjusted | $0.00 |
| **Balance Due** | **$81,081.00** |

**Terms** Due net 30 days.  
**Make Check Payable to** Pharmacy Matters, Inc. ( a F  
230 Scott Court  
Iowa City, IA 52245  
**Phone** 319-337-2492  

**Your prompt payment is appreciated.**

Pharmacy Matters, Inc. ( a FHM Dispensing Pharmacy  
230 Scott Court  
Iowa City, IA 52245  
319-337-2492  
Provider #  
Tax ID #   20-2083278  

Invoice # 16409  
Page 1

# INVOICE

Date 11/02/2010

To  Griffis, William  
160 Victoria Lane  
Wyomissing, PA 19610

Re  Griffis, William  
160 Victoria Lane  
Wyomissing, PA  19610  
610-927-3255

Insured Griffis, William  
160 Victoria Lane  
Wyomissing, PA  19610  
610-927-3255

Policy #  
Group #

**Description**  For Home Infusion Therapy Services

**Service Dates** From 12/18/2008   To 12/18/2008   **Days** 1

| Qty | Delivered | Description | Unit Price | Total Price |
|---|---|---|---|---|
| 61200 | 12/18/2008 | Kogenate FS Bioset GG - 2040 IU | $1.75 | $107,100.00 |

|  |  |
|---|---|
| Original Amount | $107,100.00 |
| Ins Allowable | $82,620.00 |
| Amount Paid | $0.00 |
| Amount Adjusted | $0.00 |
| **Balance Due** | **$82,620.00** |

**Terms** Due net 30 days.  
**Make Check Payable to** Pharmacy Matters, Inc. ( a F  
230 Scott Court  
Iowa City, IA 52245  
**Phone** 319-337-2492

**Your prompt payment is appreciated.**

Pharmacy Matters, Inc. ( a FHM Dispensing Pharmacy  
230 Scott Court  
Iowa City, IA 52245  
319-337-2492  
Provider #  
Tax ID #   20-2083278  

Invoice # 16608  
Page 1  

# INVOICE

**To** Griffis, William  
160 Victoria Lane  
Wyomissing, PA 19610  

**Date** 11/02/2010  

**Re** Griffis, William  
160 Victoria Lane  
Wyomissing, PA 19610  
610-927-3255  

**Insured** Griffis, William  
160 Victoria Lane  
Wyomissing, PA 19610  
610-927-3255  

**Policy #**  
**Group #**  

**Description**      For Home Infusion Therapy Services  

**Service Dates** From 12/31/2008      To 12/31/2009      **Days** 366  

| Qty | Delivered | Description | Unit Price | Total Price |
|---|---|---|---|---|
| 61200 | 12/31/2008 | Kogenate FS Bioset GG - 2040 IU | $1.75 | $107,100.00 |

|  |  |
|---|---|
| **Original Amount** | $107,100.00 |
| **Ins Allowable** | $82,620.00 |
| **Amount Paid** | $0.00 |
| **Amount Adjusted** | $0.00 |
| **Balance Due** | $82,620.00 |

**Terms** Due net 30 days.  
**Make Check Payable to** Pharmacy Matters, Inc. ( a F  
230 Scott Court  
Iowa City, IA 52245  
**Phone** 319-337-2492  

**Your prompt payment is appreciated.**

## CERTIFICATE OF SERVICE

I, Anthony Paduano, hereby certify that on July 22, 2011, I caused a true and correct copy of the foregoing **Affidavit of Lori Vinciguerra** to be made available for viewing and downloading through the Court's ECF system, as well as served by electronic mail, upon the following parties:

>Gerri L. Sperling, Esquire
>Metz Lewis Brodman Must OKeefe LLC
>11 Stanwix Street, 18th Floor
>Pittsburgh, Pennsylvania 15222
>gsperling@metzlewis.com
>
>*Attorneys for Defendant*

>/s/ Anthony Paduano
>    Anthony Paduano