IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

------------------------------x
:
WILLIAM GRIFFIS and T. ZENON
PHARMACEUTICALS, LLC, d/b/a              :
PHARMACY MATTERS,
                                         :   Civil Action No. 11-0263
             Plaintiffs,                     Judge Joy Flowers Conti
                                         :
      vs.
                                         :
HIGHMARK BLUE CROSS BLUE SHIELD
OF PENNSYLVANIA,                         :

             Defendant.                  :

------------------------------x

## RESPONSE TO DEFENDANT HIGHMARK
## BLUE CROSS BLUE SHIELD'S MOTION TO STAY

In opposition to the motion of defendant Highmark Blue Cross Blue Shield of Pennsylvania ("Highmark") to stay, plaintiffs William Griffis ("Griffis") and T. Zenon Pharmaceuticals, LLC, d/b/a Pharmacy Matters ("Pharmacy Matters") (collectively, "Plaintiffs"), by their attorneys, hereby respond as follows:

1.   Plaintiffs do not dispute the allegations set forth in paragraph 1 of Highmark's Motion.

2.   Plaintiffs deny the allegation set forth in paragraph 2 of Highmark's Motion and instead assert that the claims asserted in the Iowa state court action and in the instant action are different.  This action involves a Pennsylvania resident who is an insured of Highmark and has absolutely no relationship with Wellmark.  In addition, Mr. Griffis's claims and those of Pharmacy

Matters as assignee arise under ERISA and cannot be adjudicated by a state Court in Iowa which has absolutely no jurisdiction over Mr. Griffis.

3. Plaintiffs deny the allegations set forth in paragraph 3 of Highmark's Motion and instead state that Highmark's eleventh-hour motion, made only after Highmark engaged for five months in substantial pre-trial process including its participation in the 26(f) conference and preparation of the 26(f) report to the Court and its voluntarily acquiescence in scheduling deadlines, acted as a waiver of any right that Highmark may have to seek a stay. In addition, a stay will not promote judicial economy or prevent the parties from expending unnecessary expenses and resources.

## Conclusion

4. For the foregoing reasons, Plaintiffs request that this Court deny Highmark's motion to stay in its entirety.

Dated: New York, New York
July 22, 2011

/s/ Anthony Paduano
Anthony Paduano
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020

AND

Meghan F. Wise
Dara A. DeCourcy
ZIMMER KUNZ PLLC
3300 U.S. Steel Tower
Pittsburgh, Pennsylvania 15219

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Anthony Paduano, hereby certify that on July 22, 2011, I caused a true and correct copy of the foregoing **Response to Defendant Highmark Blue Cross Blue Shield's Motion to Stay** to be made available for viewing and downloading through the Court's ECF system, as well as served by electronic mail, upon the following parties:

Gerri L. Sperling, Esquire
Metz Lewis Brodman Must OKeefe LLC
11 Stanwix Street, 18th Floor
Pittsburgh, Pennsylvania 15222
gsperling@metzlewis.com

*Attorneys for Defendant*


/s/ Anthony Paduano
    Anthony Paduano