PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-9099

August 19, 2011

**VIA ELECTRONIC FILING**

The Honorable Joy Flowers Conti
United States District Judge
United States District Court
for the Western District of Pennsylvania
700 Grant Street
Pittsburgh, Pennsylvania 15219

     Re:    William Griffis and T. Zenon Pharmaceuticals, LLC (d/b/a Pharmacy
           Matters) v. Highmark Blue Cross Blue Shield of Pennsylvania
           Civil Action No. 2:11-cv-00263-JFC

Dear Judge Conti:

       Plaintiffs William Griffis and T. Zenon Pharmaceuticals, LLC
("Pharmacy Matters") respectfully submit this letter to request a telephonic
discovery conference with the Court.

       Although Defendant Highmark Blue Cross Blue Shield of Pennsylvania
("Highmark") has filed a motion for a stay of this action, which the Court has not
ruled on, yesterday Highmark sent to us a copy of a subpoena seeking non-party
discovery which it stated was to be served today. A copy of the subpoena is
annexed hereto as Exhibit A. Therefore, because Highmark has conceded—
contrary to the position that it took in its motion to stay and before this Court on
July 26, 2011—that discovery is appropriate, Plaintiffs have served their First Set
Of Interrogatories, First Request For The Production Of Documents and a Notice of
Deposition Pursuant to Fed. R. Civ. P 30 (b) (6). Copies of these discovery
requests are annexed hereto as Exhibit B. In light of the agreement by the parties
that discovery is appropriate, we request a conference with the Court to discuss
the entry of a scheduling order in this case.

PADUANO & WEINTRAUB LLP

Hon. Joy Flowers Conti
United States District Judge
August 19, 2011
Page 2

## Background

      The background of this case and the events leading to Highmark's filing the motion to stay are set forth in detail in the Affidavit of Lori Vinciguerra submitted by Plaintiffs in opposition to the motion to stay (Docket No.29), and will only be summarized herein.

      This ERISA action was commenced on February 25, 2011. On April 1, 2011, Ms. Vinciguerra participated in a Rule 26(f) conference with Gerri L. Sperling, Esq., counsel for Highmark. During that call, the parties discussed the issues required to be addressed in the Rule 26(f) report. Ms. Sperling did not indicate at any time during that communication that Highmark would seek a stay of this action. During that conversation, the parties agreed to exchange their 26(a)(1) disclosures by April 29, 2011.

      On April 18, 2011, Highmark filed its Motion to Dismiss. Thereafter, on April 29, 2011, Plaintiffs served their 26(a)(1) disclosures and produced approximately 75 pages of documents to Highmark. Highmark did not serve its 26(a)(1) disclosures. Plaintiffs served their Opposition to the Motion to Dismiss on May 9, 2011. On May 25, 2011, the Court issued a Case Management Order (Docket No. 14), which required that Rule 26(a)(1) disclosures be filed on June 15, 2011 and initially set a Rule 16 conference for July 11, 2011 (the conference was subsequently rescheduled by the Court to July 20, 2011). Highmark failed to meet this Court-imposed deadline for submission of its 26(a)(1) disclosures.

      On June 29, 2011, Ms. Sperling e-mailed Ms. Vinciguerra stating that she had missed the Rule 26(a)(1) disclosure deadline in the Court's May 25 Order and requested that the Rule 26(f) report reflect that Highmark would make its Rule 26(a)(1) disclosures by July 7, 2011. Ultimately, the parties agreed that Highmark would make its disclosures by July 15, 2011. This is reflected in the joint Rule 26(f) Report that was filed with the Court on June 29, 2011 (Docket No. 21). However, on Friday, July 15, 2011, Ms. Sperling informed Ms. Vinciguerra that Highmark "will be a few days late" in making the required disclosures. At no point did Ms. Sperling indicate that, in fact, Highmark would be seeking to stay the action rather than produced the information that it had promised.

      The next business day, Monday July 18, 2011, Highmark served and filed the motion to stay. It was not until we appeared before the Court on July 26, 2011 that Ms. Sperling handed me Highmark's disclosures.

PADUANO & WEINTRAUB LLP

Hon. Joy Flowers Conti
United States District Judge
August 19, 2011
Page 3

## Despite Its Motion to Stay, Highmark Serves Discovery

Yesterday, we received a copy of a subpoena served by Highmark on Wellmark, Inc., the Blue Cross Blue Shield Association licensee in Iowa, seeking the production of 14 categories of documents indisputably relevant to this case. We were surprised that Highmark had suddenly decided that discovery was appropriate, but we agree that discovery of both parties and non-parties should commence immediately. Therefore, as is discussed above, we have served the party discovery on Highmark annexed hereto as Exhibit B.

Further, as to the subpoena to Wellmark, we have no objection to its service, or to the documents requested because we agree that they are be relevant to the issues before this Court. However, Highmark has failed to request additional critical documents from Wellmark—specifically communications between Highmark and Wellmark relating to Mr. Griffis, Pharmacy Matters, Factor Health Management, Inc., FCS Pharmacy, or Feldman's Medical Center Pharmacy, Inc.—all of whom were included in the "investigation" by the Blue Cross Blue Shield Association and its licensees that resulted in the claims at issue here not being paid. Further, the subpoena falls to require that any representatives of Wellmark be examined under oath relating to these documents. Thus, today, we wrote to counsel for Highmark requesting that they agree to amend the subpoena to include the additional documents described above, and to notice a deposition of Wellmark relating to the documents, at a mutually agreeable date and time. A copy of this letter is annexed hereto as Exhibit C.

Highmark has agreed to add to the subpoena the documents that we have requested but not to notice a deposition. Therefore, Plaintiffs will request that, in the interest of judicial economy the Court direct Highmark to amend the subpoena to require that a deposition of Wellmark be scheduled shortly after the production of the documents requested. A copy of Highmark's counsel's e-mail is annexed hereto as Exhibit D.

Because these developments were not contemplated when the Court gave guidance to the parties on July 26, 2011, we believe it appropriate now to adjust the schedule set by the Court and believe a conference is appropriate.

PADUANO & WEINTRAUB LLP

Hon. Joy Flowers Conti
United States District Judge
August 19, 2011
Page 4

I thank the Court for its courtesies.

Respectfully,

Anthony Paduano

cc:   Meghan F. Wise, Esq. (via email)
      Gerri L. Sperling, Esq. (via email)

# EXHIBIT A

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Iowa

| | | |
|---|---|---|
| William Griffis, et al, | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   11-cv-0263 |
| Highmark Blue Cross Blue Shield of Pennsylvania, | ) | |
| | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | Western District of Pennsylvania           ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Wellmark, Inc., 1131 Grand Avenue, Des Moines, Iowa 50309

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

        See Exhibit A.

| Place:  Metz Lewis Brodman Must O'Keefe, LLC<br>11 Stanwix Street, 18th Floor<br>Pittsburgh, PA 15222 | Date and Time:<br><br>08/30/2011 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    08/19/2011

                _CLERK OF COURT_

                                                                OR      _Gerri L. Sperling_

        _____                      _____
            Signature of Clerk or Deputy Clerk                      Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_   _____
_Highmark Blue Cross Blue Shield of Pennsylvania_                              _ , who issues or requests this subpoena, are:

Gerri L. Sperling at Metz Lewis Brodman Must O'Keefe, LLC, 11 Stanwix Street, 18th Floor
Pittsburgh, PA 15222

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   11-cv-0263

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;

  **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

1.      Produce all contracts and/or agreements between Wellmark, Inc. ("Wellmark") and Blue Cross Blue Shield Association that were in effect in 2008 and 2009.

2.      Produce all contracts and/or agreements between Wellmark and T. Zenon Pharmaceuticals, LLC d/b/a Pharmacy Matters ("Pharmacy Matters") that control or govern, or under which Pharmacy Matters submitted, Pharmacy Matters' claims for payment for Factor medication provided to William Griffis in 2008 and 2009 (the "Griffis Factor Claims").

3.      Produce all contracts and/or agreements between Wellmark and any other individual or entity that governed the submission, processing, administration, denial or appeal of the claims that Pharmacy Matters submitted to Wellmark regarding the Griffis Factor Claims.

4.      Produce all documents relating to or evidencing the Griffis Factor Claims.

5.      Produce all documents relating to or evidencing Wellmark's processing, administration, or investigation of the Griffis Factor Claims.

6.      Produce all documents relating to or evidencing Wellmark's denial of the Griffis Factor Claims.

7.      Produce all documents relating to or evidencing Griffis' and/or Pharmacy Matters' right to appeal Wellmark's denial of the Griffis Factor Claims and any such appeal by Griffis or Pharmacy Matters.

8.      Produce all communications between Wellmark and Pharmacy Matters relating to the Griffis Factor Claims.

9.      Produce all communications between Wellmark and Griffis relating to the Griffis Factor Claims.

10.     Produce all communications between Wellmark and any other individual or entity relating to or evidencing the Griffis Factor Claims.

11.     Produce all documents relating to or evidencing Wellmark's investigation of fraud by Pharmacy Matters in connection with the Griffis Factor Claims.

12.     Produce all documents that Wellmark reviewed, relied upon, used, and generated in its investigation of fraud by Pharmacy Matters in connection with the Griffis Factor Claims.

1

13.     Produce all documents which support Wellmark's determination that Pharmacy Matters engaged in fraud in connection with the Griffis Factor Claims.

14.     Produce all communications between Wellmark and Pharmacy Matters, Griffis, or any third party relating to or evidencing Wellmark's investigation of fraud by Pharmacy Matters in connection with the Griffis Factor Claims.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM GRIFFIS and T. ZENON                )
PHARMACEUTICALS, LLC (D/B/A                 )
PHARMACY MATTERS),                          )
                                            )          Civil Action No. 11-0263
                    Plaintiffs,             )          Hon. Joy Flowers Conti
                                            )
vs.                                         )
                                            )
HIGHMARK BLUE CROSS BLUE SHIELD             )
Of PENNSYLVANIA,                            )
                                            )
                    Defendant.              )

## FIRST SET OF INTERROGATORIES OF
## PLAINTIFFS TO HIGHMARK BLUE CROSS BLUE SHIELD OF PENNSYLVANIA

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.1, Plaintiffs William Griffis and T. Zenon Pharmaceuticals, LLC serve upon Defendant Highmark Blue Cross Blue Shield of Pennsylvania Plaintiffs' First Set of Interrogatories. Defendant is required to serve its answers and any objections to these Interrogatories under oath, subject to the Definitions and Instructions set forth herein, within the time provided for by the Federal Rules of Civil Procedure.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify the person or persons at Highmark most knowledgeable about the Claims.

INTERROGATORY NO. 2: Identify the person or persons who made the decision that Highmark would not pay the Claims.

INTERROGATORY NO. 3: Identify any employee or contractor working for Highmark who has a medical or pharmacy degree and who reviewed any of the Claims.

INTERROGATORY NO. 4: Describe in detail the reasons why each of the Claims have not been paid, including an identification of when the decision was made with respect to each of the Claims.

INTERROGATORY NO. 5: Identify all persons who communicated with Wellmark regarding the Claims, including the date of the communication, the reason for the communication, any action taken as a result of the communication and to whom the communication was reported.

## DEFINITIONS AND INSTRUCTIONS

1.     The term "Highmark" or "you" refers to Defendant Highmark Blue Cross Blue Shield of Pennsylvania and any of its agents, representatives, or attorneys.

2.     The term "Wellmark" refers to Wellmark, Inc., a licensee of the Blue Cross Blue Shield Association.

3.     The term "Claims" refers to claims for Factor drugs dispensed to Highmark insureds and submitted to Wellmark on Invoice Numbers 15719 (SCCF No. 14020083151704900), 16191 (SCCF No. 14020083451419000), 16409 (SCCF No. 14020083660510400), and 16608 (SCCF No. 14020090190626700).

4.     The term "person" includes without limitation individuals and corporations.

5.     The terms "identify," "identity," or "identification," when used in reference to a natural person, require you to state that person's full name, last known address, home and business telephone numbers, and present business

2

affiliation.   When used in reference to a person other than a natural person, the terms "identify," "identity," or "identification," require you to describe the nature of such person (that is, whether it is a corporation, partnership, etc. under the definition of "person" above), and to state that person's last known address, telephone number, and principal place of business.   Once any person has been identified properly, it shall be sufficient thereafter when identifying that same person to state the name only.

6.     The terms "identify," "identity," or "identification" when used in reference to a document, require you to state the date, the author (or, if different, the signor or signors), the addressee, and the type of document (e.g. letter, memoranda, telegram, chart, etc.).   If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and the reason for such disposition.   In lieu of so identifying a document, at your option you may attach accurate copy of it to your answers to these interrogatories, appropriately labeled to correspond to the interrogatory in response to which it is being produced.

7.     All references to the singular contained herein shall be deemed to include the appropriate plural number, and all references to the plural shall be deemed to include the singular. All references to the masculine gender contained

3

herein shall be deemed to include the appropriate feminine or neuter genders.

Dated: Pittsburgh, Pennsylvania
       August 19, 2011

Meghan F. Wise
Dara A. DeCourcy
ZIMMER KUNZ PLLC
3300 U.S. Steel Tower
Pittsburgh, Pennsylvania 15219
(412) 281-8000

Anthony Paduano
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM GRIFFIS and T. ZENON PHARMACEUTICALS, LLC (D/B/A PHARMACY MATTERS), | ) ) ) | |
| | ) | Civil Action No. 11-0263 |
| Plaintiffs, | ) | Hon. Joy Flowers Conti |
| | ) | |
| vs. | ) | |
| | ) | |
| HIGHMARK BLUE CROSS BLUE SHIELD Of PENNSYLVANIA, | ) ) | |
| | ) | |
| Defendant. | ) | |

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
OF PLAINTIFFS TO HIGHMARK BLUE CROSS BLUE SHIELD OF PENNSYLVANIA**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.1, Plaintiffs William Griffis and T. Zenon Pharmaceuticals, LLC ("Pharmacy Matters") serve upon Defendant Highmark Blue Cross Blue Shield of Pennsylvania Plaintiffs' First Request for the Production of Documents. Defendant is required to produce for inspection and copying the originals of the following documents, subject to the Definitions and Instructions set forth herein, within the time provided for by the Federal Rules of Civil Procedure at the offices of of Zimmer Kunz PLLC, 3300 U.S. Steel Tower, Pittsburgh, Pennsylvania 15219.

## DOCUMENT REQUESTS

<u>REQUEST NO. 1</u>:   All documents referring or relating to the Claims.

<u>REQUEST NO. 2</u>:   All documents referring or relating to any reasons why the Claims have not been paid.

<u>REQUEST NO. 3</u>:   All documents referring or relating to Pharmacy Matters.

<u>REQUEST NO. 4</u>:   All documents sent to or received from any patient named in the Claims.

<u>REQUEST NO. 5</u>:   All documents concerning or reflecting Highmark's practices, policies, regulations and procedures relating to the receipt, processing and payment of the Claims.

<u>REQUEST NO. 6</u>:  All documents referring or relating to any investigation of

      a.     Pharmacy Matters,
      b.     Factor Health Management, Inc.,
      c.     FCS Pharmacy LLC, or
      d.     Feldman's Medical Center Pharmacy, Inc.

<u>REQUEST NO. 7</u>:   All documents sent to or received from Wellmark and any of its agents, representatives, or attorneys, referring or relating to the Claims.

<u>REQUEST NO. 8</u>:   All documents concerning any counterclaim or affirmative defenses asserted, or to be asserted, by Highmark in this proceeding.

<u>REQUEST NO. 9</u>:   All documents identifying any codes used by Highmark reflecting the non-payment of the Claims.

<u>REQUEST NO. 10</u>:  Copies of any insurance plans or contract (of any type) which cover or concern any of the Claims.

## DEFINITIONS AND INSTRUCTIONS

     1.    The term "Pharmacy Matters" refers to Plaintiff T. Zenon

Pharmaceuticals, LLC and any of its agents, representatives, or attorneys.

2.     The term "Highmark" or "you" refers to Defendant Highmark Blue Cross Blue Shield of Pennsylvania and any of its agents, representatives, or attorneys.

3.     The term "Wellmark" refers to Wellmark, Inc., a licensee of the Blue Cross Blue Shield Association.

4.     The term "Claims" refers to claims for Factor drugs dispensed to Highmark insureds and submitted to Wellmark on Invoice Numbers 15719 (SCCF No. 14020083151704900), 16191 (SCCF No. 14020083451419000), 16409 (SCCF No. 14020083660510400), and 16608 (SCCF No. 14020090190626700).

5.     The term "document":

a)     Is intended to have a meaning and definition coextensive with that contained in the Federal Rules of Civil Procedure;

b)     Shall be interpreted as including all original documents or if not available, a true copy thereof, together with each and every non-identical copy thereof (whether by reason of notations made thereon or otherwise), and, where originals or non-identical copies thereof are not available, also includes identical copies of original documents and copies of non-identical copies;

c)     Shall be interpreted as including documents of any nature whatsoever, as well as any oral communications referring, relating, or concerning any such documents, which may or may not have been reduced to written, printed, typed, or other tangible form, which are now in the possession, custody, or control of the respondent and if any such documents were, but no longer are, in the possession, custody, or control of the respondent, an indication of the time, place, and exact manner of their disposition.

6.     The term "communication" means any written or oral exchange of ideas or information in any form.

7.     The conjunctions "and" and "or" shall each be interpreted in every instance as meaning "and/ or," and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any description of documents or requests made herein.

8.     As used in the Requests, "referring or relating to" or "relating to" means directly or indirectly, reflecting, describing, alluding to, evidencing, memorializing or summarizing.

9.     All references to the singular contained herein shall be deemed to include the appropriate plural number, and all references to the plural shall be deemed to include the singular. All references to the masculine gender contained herein shall be deemed to include the appropriate feminine or neuter genders.

10.    Production shall be made of original records as they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this Request.

11.    If particular documents or things requested are not available or no longer exist, please state the precise reasons for their unavailability or non-existence.   If particular documents or things requested are unavailable because they are no longer in your possession, custody or control, please identify the document(s), their location, the person or persons from whom they may be obtained, and the manner and circumstances under which such document(s) left your possession, custody or control.

12.   If any documents are not available for production because they have been misplaced, discarded, or destroyed, identify such documents or categories of documents, and state fully in writing the reason said documents are unavailable.

13.   If any documents are available but are not produced because of an objection, including an objection based upon privilege, identify such documents with particularity as to date and subject matter, and state in writing the objections and reasons therefore.

14.   If documents called for herein are not available to you because they are in the custody or control of a third person, identify such documents or categories of documents and identify the third party in whose possession or control such documents are to be found.

15.   Produce original documents whenever such documents are available to you.

16.   Produce all documents available by virtue of being in the possession of your attorneys.

17.   If any documents are withheld on the basis of a claim of privilege or otherwise, the person withholding such document(s) is requested to identify each such document withheld by date, author, indicated recipient, subject matter and the specific basis for withholding production.

18.   For each document request, produced documents shall cover the time period from January 1, 2008 to the date of production.

Dated: Pittsburgh, Pennsylvania
       August 19, 2011

Meghan F. Wise
Dara A. DeCourcy
ZIMMER KUNZ PLLC
3300 U.S. Steel Tower
Pittsburgh, Pennsylvania 15219
(412) 281-8000


Anthony Paduano
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100


Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM GRIFFIS and T. ZENON PHARMACEUTICALS, LLC (D/B/A PHARMACY MATTERS), | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 11-0263 Hon. Joy Flowers Conti |
| vs. | ) ) | |
| HIGHMARK BLUE CROSS BLUE SHIELD Of PENNSYLVANIA, | ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFFS' NOTICE OF DEPOSITION OF
## DEFENDANT HIGHMARK BLUE CROSS BLUE SHIELD OF PENNSYLVANIA

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6) and Local Rule 26.1, Plaintiffs William Griffis and T. Zenon Pharmaceuticals, LLC ("Pharmacy Matters"), by their attorneys, will take the deposition of Defendant Highmark Blue Cross Blue Shield of Pennsylvania ("Highmark"), before a person qualified to administer oaths on the following dates:

1. The person or persons most knowledgeable about the Claims (as defined in the Complaint annexed hereto) at issue in the case — September 7, 2011 at 10:00 a.m.

2. The person or persons most knowledgeable about the reasons the Claims have not been paid — September 7, 2011 at 2:00 p.m.

3. The person or persons most knowledgeable about investigations by Highmark, or in which Highmark has participated, of Pharmacy Matters and/or Factor Health Management, Inc., FCS Pharmacy, or Feldman's Medical Center Pharmacy, Inc. — September 8, 2011 at 10:00 a.m.

<table>
<tr><td>4. The person or persons most knowledgeable about communications between Highmark, on the one hand, and Wellmark, Inc., on the other hand, regarding the Claims</td><td>September 8, 2011 at 2:00 p.m.</td></tr>
</table>

The depositions will be held at the office of Zimmer Kunz PLLC, 3300 U.S. Steel Tower, Pittsburgh, Pennsylvania 15219, and shall convene as set forth above. The depositions may be adjourned from time to time until completed. You are invited to attend and cross-examine.

Dated: Pittsburgh, Pennsylvania
August 19, 2011

        Meghan F. Wise
        Dara A. DeCourcy
        ZIMMER KUNZ PLLC
        3300 U.S. Steel Tower
        Pittsburgh, Pennsylvania 15219
        (412) 281-8000

        Anthony Paduano
        PADUANO & WEINTRAUB LLP
        1251 Avenue of the Americas, Ninth Floor
        New York, New York 10020
        (212) 785-9100

        Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM GRIFFIS and T. ZENON
PHARMACEUTICALS, LLC (D/B/A
PHARMACY MATTERS),

             Plaintiffs,

vs.

HIGHMARK BLUE CROSS BLUE SHIELD
Of PENNSYLVANIA,

             Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

## COMPLAINT

Plaintiffs, by their undersigned attorneys, as and for their Complaint, allege:

### PARTIES

1.     Plaintiff William Griffis is a resident of the Commonwealth of Pennsylvania, residing at 2145 Cleveland Ave West Lawn, Pa 19609.

2.     Plaintiff T. Zenon Pharmaceuticals, LLC ("Pharmacy Matters") is an Iowa limited liability company, with its principal place of business at 230 Scott Court, Suite 238, Iowa City, Iowa 52245. For trade purposes, Pharmacy Matters does business under the name "Pharmacy Matters." At all relevant times, Pharmacy Matters was a licensed pharmacy and, as such, was permitted to ship medicines to patients in states other than Iowa, including but not limited to Pennsylvania.

3.     On information and belief, Defendant Highmark Blue Cross Blue Shield of Pennsylvania ("Highmark" or "Defendant") is incorporated and operates as a hospital plan and a professional health service plan in the Commonwealth of Pennsylvania. As a licensee of

the Blue Cross and Blue Shield Association ("BCBS Association"), Highmark underwrites various indemnity and managed care health insurance products for national accounts, regional accounts and individual accounts. Highmark has its principal place of business at 120 Fifth Avenue, Pittsburgh, Pennsylvania 15222.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction because this dispute involves a federal question under the Employee Retirement and Security Income Act of 1974 ("ERISA"), 29 U.S.C. § 1132 (e) and (f), and pursuant to 28 U.S.C. § 1331.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## STATEMENT OF FACTS

6.     This action arises from Highmark's indefensible refusal to pay claims submitted by or on behalf of Plaintiffs for covered pharmacy services performed pursuant to written insurance contracts. Plaintiff Griffis is a hemophiliac. Hemophilia is a life-threatening disease that requires those afflicted to use very expensive blood-clotting factor treatment ("Factor"). At all relevant times, Mr. Griffis had medical insurance coverage through Highmark pursuant to an insurance plan for which premiums were timely paid. Pharmacy Matters provides Factor and other medicines to patients throughout the United States. Pharmacy Matters has provided specialty pharmacy and health management care coordination services to patients since March 2006.

7.     Pursuant to a Contract Pharmacy Agreement, dated July 1, 2008, Pharmacy Matters entered into an agreement with Factor Health Management, LLC ("FHM"),

the owner of FCS Pharmacy LLC (a specialty pharmacy) which was, at all relevant times, located in Boca Raton Florida.  Pharmacy Matters acted as a non-exclusive distributor of medicines for which FHM was the distributor.  FHM and affiliates of FHM, provided administrative and other services to Pharmacy Matters.  At all times, FHM or its affiliates held appropriate licenses to act as a wholesale pharmacy distributor in Iowa.

        8.     Upon receipt of prescriptions from licensed physicians and confirmation with the appropriate insurance company of the patient's pre-certification for insurance payment purposes, Pharmacy Matters dispenses specialized medications, products, and services, including Factor, directly to patients who are participants or beneficiaries of health plans insured, underwritten and/or administered by Highmark.  In connection with the dispensing of medication to patients, FHM and its contract pharmacies, including Pharmacy Matters, receives an assignment from the patient for the purpose of collecting payment.  (Such a business is akin to other specialty pharmacies and mail order and online pharmacies such as Medco, Caremark and CVS Online).  The assignment signed by the patient permits Pharmacy Matters to recover directly from Highmark for services or products rendered.  A copy of the assignment signed by Mr. Griffis is annexed hereto as Exhibit A.  On information and belief Highmark accepts hundreds or thousands of such assignments in the ordinary course of its business regarding its insureds.

        9.     Typically, Pharmacy Matters submits a claim for the applicable charges to the appropriate insurance carrier for payment.  In the event the patient's insurance carrier (the "home plan," in the terminology of the BCBS Association, and in this case Highmark) is located in a different geographic area than the provider (Pharmacy Matters), the BCBS Association asks the provider to submit the claim on-line to a local BCBS affiliate (the "host plan") in the

terminology of the BCBS Association. On information and belief, for Mr. Griffis' claims that are the subject of this action, Wellmark, Inc. ("Wellmark")[1] an Iowa BCBS affiliate, "coordinated" payment for Highmark. But, at all relevant times, in the case of Mr. Griffis, the payor on claims submitted by Pharmacy Matters, and which remain unpaid, is Highmark.

10.     Covered Services are those health care services or supplies to which an insured is entitled pursuant to a health insurance plan. Pharmacy Matters has provided Covered Services to Highmark's insureds as a non-participating provider, all based on valid written insurance policies and valid and written pre-certifications issued by Highmark. All services provided to Mr. Griffis by Pharmacy Matters were "Covered Services" as that term is defined by Highmark. In addition, in every instance, and to the extent necessary, Mr. Griffis received the necessary and required pre-certification before Covered Services were provided. At all relevant times, Mr. Griffis was entitled to obtain his medicines from the licensed provider of his choice.

11.     In each case for which there are outstanding receivables, Defendant gave explicit confirmation of the patient's active status as an insured of Defendant or one of its BCBS Association affiliates and approved in advance the dispensing of the Factor.

12.     Despite the rendering by Pharmacy Matters of Covered Services and the timely submission of insurance claims for payment for such services, Highmark has refused, without any basis in law or fact, to pay in excess of $425,000.00 in legitimate claims submitted by Pharmacy Matters during the period October 2008 through December 2008. The claims submitted to Highmark for which payment has not been made regarding Mr. Griffis are:

---

[1]     On May 1, 2009, Pharmacy Matters commenced an action in the Iowa state District Court for Johnson County against Wellmark entitled T. Zenon Pharmaceuticals, LLP (d/b/a Pharmacy Matters v. Wellmark, Inc. Case No. LACV - 070675. Wellmark denies that it has any liability for Factor dispensed to Mr. Griffis.

| Invoice Number | Date of Service | Amount Billed | Amount Expected[2] | Amount Outstanding |
|---|---|---|---|---|
| 15719 | 10/24/2008 | $108,908.85 | $83,997.00 | $83,997.00 |
| 16191 | 11/26/2008 | $105,125.99 | $81,081.00 | $81,081.00 |
| 16409 | 12/18/2008 | $107,100.00 | $82,620.00 | $82,620.00 |
| 16608 | 12/31/2008 | $107,100.00 | $82,620.00 | $82,620.00 |
| | | | TOTAL: | $330,318.00 |

By letter dated January 5, 2011, Plaintiffs asked, for the last time, for voluntary payment by Highmark (Exhibit B hereto), but in correspondence dated January 20, 2011, Highmark responded that it refused to make payment on the invoices due to some unspecified and unknown "fraud" (Exhibit C hereto). As a result of being forced to file this lawsuit, Plaintiffs have incurred, and will continue to incur, significant attorneys' fees to force Highmark to do that which the law and insurance contracts at issue require.

**The Highmark Insurance Plan**

13. Highmark issued an insurance policy to Mr. Griffis for medical insurance in 2008 (the "Highmark Plan") which was effective during the relevant time period, October through December 2008. Mr. Griffis was specifically permitted by the Highmark Plan to obtain Covered Services from both "in network" or "Participating" providers and "out-of-network" or "Non-Participating" providers and receive reimbursement from Highmark. Pursuant to the Highmark policy, Pharmacy Matters provided covered health products and services to Mr. Griffis and submitted insurance claims in accordance with BCBS Association policy to Wellmark which, in turn would submit the claims to Highmark in the case of Mr. Griffis. Mr.

---

[2] The "Expected Amount" is the amount that Pharmacy Matters expects to be paid based upon the reimbursement rate set by Highmark as of the date of service to the patient for the particular Covered Service. Reimbursement rates differ depending on whether a pharmacy is a Participating or Non-Participating Provider.

Griffis assigned his right to payment to Pharmacy Matters. Highmark, however, has breached the terms and conditions of the Highmark Plan by failing to timely pay Pharmacy Matters for the properly submitted claims at issue.

14.     In total, as of February 1, 2011, there was $330,318.00 in insurance claims properly submitted by Pharmacy Matters pertaining to Mr. Griffis that were unpaid. In clear violation of ERISA, every one of the subject claims has been outstanding for more than 60 days. The oldest invoice was submitted on October 24, 2008.

15.     Plaintiffs have exhausted every avenue available to them to obtain payment from Highmark on these claims prior to instituting this suit, and any further attempts at resolving these issues short of litigation would be futile. As is detailed above, Plaintiffs attempted to resolve this dispute with Highmark prior to instituting suit. Plaintiffs have gone through all the proper and informal channels to resolve the non-payment of their claims, but Highmark has refused payment.

16.     Under Pennsylvania Law, a licensed insurer is required to pay a covered claim within 45 days of receipt of the claim. If payment is not made within 45 days, the licensed insurer is required to pay interest on the claim at the rate of 10 per cent per annum. 40 P.S. § 991.2166.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**(ERISA -- Wrongful Denial of Benefits)**

17.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 16 of this Complaint.

18.     Mr. Griffis was a participant in the Highmark Plan, and Pharmacy Matters was an assignee of Mr. Griffis for purposes of collection of payment under the Highmark Plan.

19.     Plaintiffs have been wrongfully denied benefits under the Plan, in the form of unpaid claims in the aggregate amount of at least $330,318.00, plus   interest on all of the claims.

20.     Plaintiffs are entitled to bring a civil action to recover benefits due to them under the terms of the Plan, to enforce their rights under the terms of such Plan, and/or to clarify their rights to future benefits under the terms of such Plan, pursuant to 29 U.S.C. § 1132(a)(1)(B).

21.     Plaintiffs have exhausted their remedies to obtain their contractual benefits under the Plan.

22.     As a direct and proximate result of Defendant's wrongful denial of benefits, Plaintiffs have been damaged.   Accordingly, Plaintiffs are entitled to recover the benefits improperly denied by Defendant, plus their attorneys' fees and interest.

23.     29 U.S.C. § 1132(g) (1) authorizes this Court to award reasonable attorneys' fees and costs of actions to the prevailing party in an ERISA action.

24.     As a result of Defendant's misconduct, Plaintiffs have necessarily incurred significant attorneys' fees and costs in prosecuting this action and are entitled by law to an award of their attorneys' fees and costs.

<u>SECOND CLAIM FOR RELIEF</u>
(ERISA – Declaratory Relief)

25.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 24 of this Complaint.

26.     As is set forth above, Plaintiffs have been wrongfully denied benefits under the Plan, in the form of unpaid claims in the aggregate amount of at least $330,318.00, plus interest.

27.     Pursuant to 29 U.S.C. § 1132(a) (1) (B), Plaintiffs seek a declaration of rights under the Plan, against Defendant, to establish their rights to past and future benefits, to enforce their ERISA rights, and to collect their attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### (ERISA – Injunctive Relief)

28.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 27 of this Complaint.

29.     As is set forth above, as a result of Defendant's wrongful denial of benefits to Plaintiffs under the Highmark Plan, Defendant has violated its obligations under ERISA.

30.     Pursuant to 29 U.S.C. § 1132(a) (3), Plaintiffs seek an injunction against Defendant enjoining it from either (i) denying, or (ii) placing a "hold" on any particular claim unless (a) the claim is deficient as a matter of law, or (b) Defendant has actual evidence of fraud associated with that claim.

### FOURTH CLAIM FOR RELIEF
### (Violation of Pennsylvania Statutes 40 P.S. §§ 991.2101 et seq.)

31.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 30 of this Complaint.

32.     Defendant's failure and refusal to pay Plaintiffs' claims in a proper and timely manner is in violation of Section 991.2166 of the Pennsylvania Quality Health Care Accountability and Protection Act, which provides:

> (a) A licensed insurer or managed care plan shall pay a clean claim submitted by a health care provider within forty-five (45) days of receipt of the clean claim.

> (b) If a licensed provider or a managed care plan fails to remit the payment as provided under subsection (a), interest at ten per centum (10%) per annum shall be added to the amount owed

on the clean claim. Interest shall be calculated beginning the day after the required payment date and ending on the date the claim is paid. The licensed insurer or managed care plan shall not be required to pay any interest calculated to be less than two ($2) dollars.

33.     Since October 2008, Plaintiffs have submitted more than $330,000.00 in claims to Highmark pertaining to Mr. Griffis. Each of these claims are or have been more than 45 days past due and therefore Highmark has violated Section 991.2166 of the Pennsylvania Quality Health Care Accountability and Protection Act.

34.     By reason of the foregoing, Plaintiffs have been damaged, will continue to be damaged and are entitled to interest in an amount to be determined at trial.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Highmark as follows:

A.      On the First Claim for Relief, actual damages in an amount to be determined at trial, but in no event less than $330,318.00, plus interest as allowed by law;

B.      On the Second Claim for Relief, a declaration that (1) Plaintiffs are entitled to be paid for the unpaid claims that are the subject of this action; and (2) Plaintiffs are entitled to their reasonable attorneys' fees and costs incurred in this action;

C.      On the Third Claim for Relief, an order enjoining Defendant from either (i) denying, or (ii) placing a "hold" on any particular claim unless (a) the claim is deficient as a matter of law or (b) Defendant has actual evidence of fraud associated with that claim;

D.      On the Fourth Claim for Relief, interest in an amount to be determined at trial;

E.      Awarding Plaintiffs the costs of this proceeding, including, but not limited to, reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1); and

# EXHIBIT C

PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-9099

August 19, 2011

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Gerri L. Sperling, Esq.
Metz Lewis Brodman Must O'Keefe LLC
11 Stanwix Street
18th Floor
Pittsburgh, Pennsylvania 15222

Re:   William Griffis and T. Zenon Pharmaceuticals, LLC (d/b/a Pharmacy
Matters) v. Highmark Blue Cross Blue Shield of Pennsylvania
Civil Action No. 2:11-cv-00263-JFC

Dear Ms. Sperling:

I write with respect to the copy of the subpoena directed to Wellmark, Inc. that you forwarded to us yesterday with the expressed intent to serve it today. We have no objection to the subpoena.

In an effort to prevent duplication of effort, we request that you modify the subpoena in two respects before serving: First, that you add to the schedule of documents requested from Wellmark all communications between Highmark and Wellmark relating to Mr. Griffis, Pharmacy Matters, Factor Health Management, Inc., FCS Pharmacy, or Feldman's Medical Center Pharmacy, Inc. Second, that you notice a deposition of a representative for Wellmark relating to the documents, to be scheduled at a mutually agreed upon place and time. Otherwise, we will be obligated to serve a second subpoena, which seems unnecessary under the circumstances.

PADUANO & WEINTRAUB LLP

Gerri L. Sperling, Esq.
August 19, 2011
Page 2

Please let me know by 3:00 p.m. today if you will consent to this request to modify the subpoena.

Sincerely,

Jordan D. Becker

cc:   Meghan F. Wise, Esq. (via electronic and first class mail)
Kenneth Kornacki (via electronic and first class mail)

# EXHIBIT D

## Jordan Becker

| | |
|---|---|
| **From:** | Sperling, Gerri [GSperling@metzlewis.com] |
| **Sent:** | Friday, August 19, 2011 2:50 PM |
| **To:** | Jordan Becker; wise@zklaw.com; Kornacki, Kenneth |
| **Cc:** | Anthony Paduano; Lori Vinciguerra |
| **Subject:** | RE: William Griffis and T. Zenon Pharmaceuticals, LLC (d/b/a Pharmacy Matters) v. Highmark Blue Cross Blue Shield of Pennsylvania ,Civil Action No. 2:11-cv-00263-JFC |

Dear Mr. Becker:

        We have no objection to adding to the schedule of documents the additional documents described in your letter to me of this date.  However, we did not intend to notice any depositions until we obtain and review the documents produced.  Accordingly, I am disinclined right now to include a notice of deposition at this time.  Also, at this point, we will not be getting the subpoena, with your requested change to the schedule of document requested, out until Monday.

Gerri L. Sperling
Metz Lewis Brodman Must O'Keefe LLC
11 Stanwix Street, 18th Floor
Pittsburgh, PA 15222
412-918-1165

---

**From:** Jordan Becker [mailto:jdb@pwlawyers.com]
**Sent:** Friday, August 19, 2011 1:42 PM
**To:** Sperling, Gerri; wise@zklaw.com; Kornacki, Kenneth
**Cc:** Anthony Paduano; Lori Vinciguerra
**Subject:** William Griffis and T. Zenon Pharmaceuticals, LLC (d/b/a Pharmacy Matters) v. Highmark Blue Cross Blue Shield of Pennsylvania ,Civil Action No. 2:11-cv-00263-JFC

Please see the attached letter.

Jordan D. Becker
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
Telephone:  (212) 785-9100
Telecopier:  (212) 785-9099
www.pwlawyers.com

The information contained in this message is privileged and confidential and intended only for the individual recipient identified above.  If the reader of this message is not the intended recipient, you are hereby notified that any distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone or e-mail and delete this message.  Thank you.

IRS CIRCULAR 230 DISCLAIMER: This communication (including attachments) may contain federal tax advice. Applicable IRS regulations require us to advise you that any discussion of federal tax issues in this communication is not intended or written to be used, and cannot be used by any person, for the purpose of (1) avoiding any penalty that may be imposed under federal tax law, or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein. Only formal, written tax opinions meeting these IRS requirements may be relied upon for the purpose of avoiding tax-related penalties. Please contact one of the