PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-9099

August 29, 2011

**VIA ELECTRONIC FILING**

The Honorable Joy Flowers Conti
United States District Judge
United States District Court
for the Western District of Pennsylvania
700 Grant Street
Pittsburgh, Pennsylvania 15219

    Re:    William Griffis and T. Zenon Pharmaceuticals, LLC (d/b/a Pharmacy Matters) v. Highmark Blue Cross Blue Shield of Pennsylvania
           Civil Action No. 2:11-cv-00263-JFC

Dear Judge Conti:

    We represent Plaintiffs William Griffis and T. Zenon Pharmaceuticals, LLC. I write in response to counsel for Highmark's letter to the Court dated August 23, 2011.

    It is difficult to understand how Highmark can, on the one hand, serve a non-party subpoena seeking documents indisputably relevant to the issues here, but argue that it is not appropriate to engage in "full-blown discovery". Plaintiffs have not objected to the subpoena (indeed we have asked that it be expanded), but believe that it will be necessary to examine a witness or witnesses from Wellmark regarding these documents, which, quite obviously, do not speak for themselves. Should the Court not agree to compel such an examination, Plaintiffs will be forced to serve a subpoena upon Wellmark. Under the circumstances, we request that the Court revisit the Rule 26(f) schedule previously submitted to the Court (Docket No. 21) and set a discovery schedule that is limited, fair and, of course, mutual.

    Further, as Highmark's counsel recognizes, the August 8, 2011 decision in <u>Brown, Lowe and T. Zenon Pharmaceuticals, LLC, d/b/a Pharmacy Matters v. Blue Cross Blue Shield of Florida, Inc.</u>, Civil Action No. 9:11-cv-80390 (S.D. Fla.), is not dispositive of the issues before this Court, and because the plaintiffs in <u>Brown</u> believe that the decision was not properly reasoned, they

PADUANO & WEINTRAUB LLP

Hon. Joy Flowers Conti
United States District Judge
August 29, 2011
Page 2

have filed a notice of appeal to the Eleventh Circuit. These ERISA claims must be heard in this Circuit.

    Plaintiffs are prepared to participate in a claims review procedure directed by the Court. In a similar case in the Eastern District of Pennsylvania, <u>Templin, Hendricks, Feldman's Medical Center Pharmacy, Inc. and FCS Pharmacy LLC v. Independence Blue Cross. QCC Insurance Company and CareFirst, Inc.</u>, Civil Action No. 09-4092 (E.D. Pa.), the Court stated to the parties, "I'm trying to set up a procedure to get them [Plaintiffs] paid." (3/19/10 Tr. at 57) (the relevant pages of the transcript are annexed hereto). The Court then set up an expedited review process which resulted in payment of 100% of the principal amount of the outstanding claims. We believe that a similar approach is warranted here.

    We will be prepared to discuss these matters at the conference on August 31, 2011. I thank the Court for its courtesies.

Respectfully,

*Anthony Paduano (AM)*

Anthony Paduano

cc:    Meghan F. Wise, Esq. (via email)
        Gerri L. Sperling, Esq. (via email)